```
IN THE UNITED STATES DISTRICT COURT
    FOR THE NORTHERN DISTRICT OF ALABAMA
               MIDDLE DIVISION
```

NICKIE MAYO,                   }
                               }
    Plaintiff,                 }
                               }        CIVIL ACTION NO.
v.                             }
                               }        00-AR-2222-M
PURITY DAIRIES, INC., *et al.*,}
                               }
    Defendants.                }

**MEMORANDUM OPINION**

    On March 22, 2001, this court entered a final judgment in the above-entitled cause in favor of plaintiff, Nickie Mayo, and against the only remaining defendant, Canada Life Insurance Company. Neither party submitted a calculation of the precise amount of the monetary judgment within the ten (10) days allowed in the final order, and neither party timely applied for reconsideration under Rule 59, F.R.Civ.P.

    On April 13, 2001, Mayo filed a motion for pre-judgment interest. Canada Life opposes Mayo's said request for pre-judgment interest on the ground that Mayo claims a rate higher than six percent per annum. The court finds it unnecessary to resolve the argument over the proper rate of interest because by the terms of the final order of March 22, 2001, in which the court pointedly said "the case is closed", any actual quantification to be suggested by either party would have had to be made within ten (10) days thereafter, and Mayo did not propose a specific amount. If he



had done so, his calculation would necessarily have included any pre-judgment interest he claimed. It is too late for him to claim pre-judgment interest now.

On April 2, 2001, Mayo filed a timely petition for attorneys fees and costs as a prevailing plaintiff in this ERISA case. His said petition was supplemented on April 13, 2001, to add the lawyer-time spent in claiming pre-judgment interest, a claim that is being denied. Plaintiff's claim for attorneys fees and expenses as of April 2, 2001, is $14,410.80. Because the court is not allowing pre-judgment interest, it will not consider the lawyer-time spent in seeking pre-judgment interest. Thus, there are two questions to be answered: (1) Is plaintiff entitled to reasonable attorneys fees under ERISA, and (2) if so, what constitutes a reasonable attorneys fee in this case?

Although in some circuits there is a presumption in favor of awarding attorneys fees to a prevailing ERISA benefits claimant, there is no such presumption in the Eleventh Circuit. See *Freeman v. Continental Ins. Co.*, 996 F.2d 116 (11th Cir.1993). Nevertheless, Mayo is entitled to a reasonable attorneys fee (1) if Canada was guilty of bad faith; and/or (2) if Mayo is not capable of compensating his own lawyer; and/or (3) if an award of a fee against Canada Life will act as a deterrent; and/or (4) if Mayo's success in this case will benefit other plan participants; and/or (5) if Mayo's arguments in relation to the arguments made by Canada

Life are more meritorious.  This last factor is kin to but not the same as the good faith vs. bad faith question.  See *Eaves v. Penn*, 587 F.2d 453 (10th Cir.1978).  In order to award a fee to a prevailing plaintiff, it is not required that all five factors be present, or that they all weigh in favor of plaintiff.  Neither is it true that some of the factors are necessarily more important than others.  It is only required that all five factors be **considered** by the court.  The court has considered all of them.

The court has already found that Canada Life was not guilty of bad faith, as that term is understood under the Alabama specialized tort law aimed at insurers.  "Bad faith" for the purpose of deciding an ERISA fee question may not be the same thing as "bad faith" under Alabama tort law, but the court will not quibble with Canada Life over that possible difference, and instead will assume that Canada Life had a colorable basis for refusing to pay in this case.  Mayo has offered no proof of his personal financial situation, so the court cannot conclude without evidence that Mayo is incapable of paying his lawyer the fee he wants to charge, a fee that, according to the attachments to Mayo's fee petition, was actually billed to Mayo by his lawyer.  For aught appearing Mayo is a millionaire.  The court is not convinced that there is not much benefit, if any, to other plan participants from Mayo's victory in this case, which involves a somewhat unique set of circumstances.  There is a marked distinction between indirectly benefitting the

beneficiaries of a particular ERISA governed plan and establishing a principle of contract construction over the recoupment of allegedly erroneously paid benefits by the device of withholding from future benefits under an ambiguous insurance contract. Unfortunately, there is nothing unusual about insurance contracts being ambiguous. The court does find both that the relative merits of the two parties' positions greatly favors Mayo, and that there is a considerable potential for a deterrent effect on Canada Life from having to pay Mayo's lawyer when Canada Life evaluates future claims, whether like Mayo's claim, or benefit claims in general. Based on these last two factors, in particular, the court will exercise its discretion in favor of Mayo and will award attorneys fees and expenses to him.

Using a lodestar hourly rate of $150.00, which the court finds to be a reasonable hourly rate in the geographic area served by Gadsden lawyers of the high quality and serious advocacy demonstrated by plaintiff's counsel, and finding that the number of hours claimed by plaintiff's counsel were actually spent, but discounting plaintiff's claim as required by *Hensley v. Eckerhart*, 461 U.S. 424 1983, to compensate for the lawyer-time spent on issues on which plaintiff did not prevail, and therefore that should not be laid off on defendant, and cutting off the lawyer's meter at April 2, 2001, the court finds and determines that the appropriate attorneys fees and expenses to be awarded plaintiff's

4

counsel and assessed against defendant is $9,500.00. There is no reason for enhancing the fee for any alleged unpopularity of the undertaking or for the difficulty of the case.

As this opinion was being drafted the court received a letter from Mayo's counsel informing the court that the amount of the judgment, correctly calculated by Canada Life, without considering pre-judgment interest, is $19,034.70.

An appropriate separate order will be entered.

DONE this 27th day of April, 2001.

　　　　　　　　　　　　　　　　　　／s／ William M. Acker, Jr.
　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　WILLIAM M. ACKER, JR.
　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE